## 23965. SIRMONS v. SIRMONS.

ALMAND, Presiding Justice. Levi J. Sirmons in his petition against Mansfield S. Sirmons alleged that: On April 6, 1965, he was the owner in fee simple and in possession of a described 168-acre tract of land in Lanier County having a fair market value of $18,900. Plaintiff was indebted to a Mrs. Bessie Dora Sirmons in the sum of $12,210. This debt was secured by a security deed to the described tract of land, and foreclosure proceedings had been initiated under the security deed. Defendant, an uncle of the plaintiff, offered to loan the plaintiff a sufficient sum to pay off said indebtedness, but it would be necessary for the plaintiff to convey said land to the defendant by fee simple deed so that the defendant could borrow money using the land as security. Defendant repeatedly represented that he would reconvey the tract to plaintiff upon repayment of the amount loaned plus 6½% interest. Subsequently, plaintiff's father and mother, on plaintiff's behalf, paid the defendant $4,000 in part payment of the indebtedness; and the amount actually loaned to the plaintiff was $9,600. Plaintiff did, on April 6, 1965, execute a deed conveying the described land to the defendant, which, although absolute in form, was intended only to secure the debt owed to the defendant. Plaintiff has remained and is now in possession of said tract of land. Plaintiff has tendered payment of the indebtedness to the defendant, but the defendant refuses to accept the tender insisting he has a fee simple title to the land. The petition prayed that the defendant be decreed to have only a security deed interest in the described land and that plaintiff be granted other specific equitable relief. The defendant's answer denied all the material allegations in the plaintiff's petition and alleged there was no agreement that the warranty deed between the parties was in the nature of a deed to secure a debt. On the trial of the case before a jury, each party introduced evidence supporting his respective contentions. The jury returned a verdict in favor of the plaintiff and stipulated that the plaintiff reimburse the defendant the sum of $9,598.95 plus 6% interest from April 18, 1965. A decree was entered upon the verdict. The defendant appealed with his sole enumeration of error being that the verdict rendered is contrary to the evidence. *Held:*

The evidence on behalf of the plaintiff supports the material allegations in his petition. Though the defendant's evidence is contradictory to that of the plaintiff, the jury resolved this conflict in favor of the plaintiff. Upon review of all of the evidence, it can not be said that the verdict is contrary to the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*D. W. Slone, Fred L. Belcher,* for appellant.
*Bennett, Moon & Davis, Floyd B. Moon,* for appellee.